Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murphy, J.), rendered October 29, 2010, convicting him of vehicular assault in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that the court’s plea allocution was inadequate in several respects. He did not, however, move pursuant to CPL 220.60 (3) to withdraw his guilty plea, and nothing on the record either negated an essential element of the crime to which he pleaded guilty or cast significant doubt on his guilt. Inasmuch as the Court of Appeals has held that, in these circumstances, preservation is required, the defendant’s claims do not present questions of law for our review (see CPL 470.05 [2]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Adams, 67 AD3d 819, 819 [2009]; cf. People v Mox, 20 NY3d 936 [2012]).
Under the circumstances of this case, we decline to review the defendant’s claim in the interest of justice, although we of course agree with our dissenting colleague that “plea allocutions should not be taken lightly and should not be performed in a perfunctory manner.” Here, the defendant received a very favorable plea arrangement in the face of strong evidence of his guilt of the various crimes charged in the indictment. There was no question that it was the defendant who caused serious injury to the complainant by the use of his motor vehicle. Moreover, the defendant and his attorney were clearly aware of the strength or weakness of their claim regarding suppression of the breathalyzer results (see People v Adams, 67 AD3d at 819). The defendant was aware that he could proceed to trial and call witnesses on his own behalf, but nevertheless opted to forego exercising that right in exchange for the certainty of a lenient sentence. Dillon, J.P., Balkin, and Leventhal, JJ., concur.